**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>HC OLDCO, INC.,<br>F/K/A ARRO CORPORATION,<br><br>　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 19-35238<br><br>Honorable Janet S. Baer |
| Oxford Restructuring Advisors LLC, as Trustee of the HC Oldco, Inc. Creditor Trust<br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Northwest Pallet Supply Co.,<br>　　　　　　　　　　Defendant. | Adv. No. **Refer to Summons** |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Oxford Restructuring Advisors LLC, not individually, but as creditor trustee for the HC Oldco Inc. Creditor Trust (the "Plaintiff" or "Trustee") for the above captioned bankruptcy estate of HC Oldco, Inc. f/k/a Arro Corporation (the "Debtor") by and through it undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against Northwest Pallet Supply Co. (the "Defendant," together with the Plaintiff, the "Parties") and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff alleges upon information and belief that:

1

## NATURE OF THE CASE

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property by the Debtor that occurred during the ninety (90) day period before the commencement of the bankruptcy proceedings (the "Preference Period") of the Debtor pursuant to sections 547 and 550 of chapter 5 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to proof, Plaintiff also seeks to avoid and recover from Defendant or any other person or entity for whose benefit transfers were made pursuant to section 548 and 550 of the Bankruptcy Code any transfers that may have been fraudulent conveyances.

2. In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtor or that has been scheduled for the Defendant. Plaintiff does not waive but hereby reserves all of its rights and the rights of the Debtor to object to any such claim for any reason, including without limitation, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"), captioned *In re HC Oldco, Inc. f/k/a Arro Corporation*, Case No. 19-35238, pursuant to 28 §§ 1334 and 157 (a).

4. This is a core proceeding under 28 U.S.C. § 157(b). The Parties consent to jurisdiction before the Bankruptcy Court.

5. Venue is proper in this District under 28 U.S.C. §§1408 and 1409.

## PROCEDURAL BACKGROUND

6. On December 18, 2019 (the "Petition Date"), Debtor commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code. The Debtor was authorized to continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On August 12, 2020, this Court entered an order confirming the *Agreed Plan of Liquidation of Debtor and Official Committee of Unsecured Creditors* (the "Confirmation Order" and "Plan," respectively). [Plan, Dkt. No. 237; Confirmation Order, Dkt. No. 395].

8. Pursuant to Article 4.1 of the Plan and Section II(D) of the *Disclosure Statement for Agreed Plan of Liquidation Proposed by Debtor and the Official Committee of Unsecured Creditors Pursuant to Chapter 11 of the United States Bankruptcy Code* (the "Disclosure Statement") [Dkt. No. 236], General Unsecured Claims comprise an impaired class of creditors and are not expected to be paid in full.

## THE PARTIES

9. **Debtor**. Prior to its bankruptcy filing, Debtor was a leading food manufacturing company servicing all national brand consumer packaged goods companies as well as smaller enterprises in the food, pharmaceutical and industrial markets. The Debtor was in the business of manufacturing, packaging, and distributing bake mixes, powdered beverages, ingredients, cereals, trail mix, nuts and other food products. The Debtor provided industry-leading processing and packaging services for many well-known consumer-branded foods, including emerging brands, private label, gluten free, organic, and national brands.

10. **Plaintiff**. The Trustee was appointed creditor trustee of the HC Oldco, Inc. Creditor Trust under the Confirmation Order and Article II of the HC Oldco, Inc. Creditor Trust Agreement

(the "Trust"). Pursuant to Bankruptcy Code section 547, 548, 550, 1106, and 1107, the Trustee is authorized and has standing to pursue this avoidance action.

11. **_Defendant_**. Upon information and belief, Defendant manufactures pallets and crates, and the Debtor utilized Defendant's services in its day to day business operations. Upon further information and belief, at all relevant times, Defendant's principal place of business is located at 3648 Morreim Dr., Belvidere, IL 61008. Plaintiff is informed and believes and, on that basis, alleges that Defendant is a corporation residing in and subject to the laws of the State of Illinois.

## FACTUAL BACKGROUND

12. Prior to the Petition Date, Debtor, as a food manufacturing company, maintained business relationships with various business entities and individuals, through which Plaintiff regularly purchased, sold, received and/or delivered goods and services.

13. The financial difficulties that led to the Debtor's decision to file the bankruptcy case is attributable to a combination of factors. Namely, changes in the labor market, delays in the start of new business, poorly timed equity investments, operating inefficiencies, ingredient delays, and numerous lawsuits against the Debtor.

14. During the ninety (90) days before and including the Petition Date, that is between September 19, 2019 and December 18, 2019 (the "Preference Period"), Debtor continued to operate its business, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

15. Upon information and belief, during the course of their relationship, the Defendant and Debtor entered into agreements for the purchase of goods and/or services by Debtor from the Defendant, which are evidenced by one or more contracts, purchase orders, invoices, communications and other document (collectively, the "Agreements"). Upon further information

4

and belief, the Agreements concerned and related to goods and/or services provided by Defendant to the Debtor. The payments to the Defendant in respect of the Agreements during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit A. Such details include "Invoice Number," "Invoice Date," "Invoice Amount" and "Check Date".

16. Debtor made transfer(s) of an interest of Debtor's property to or for the benefit of Defendant during the Preference Period through payments aggregating not less than the amount set forth on Exhibit A and attached hereto and incorporated by reference. Such details include "Check Number," "Check Amount," and "Clear Date."

17. On or about October 9, 2019, Plaintiff, through counsel, sent a demand letter (the "Demand Letter") to Defendant, seeking a return of the Transfer(s). The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to 11 U.S.C. § 547(c) and requested that if Defendant had evidence to support any affirmative defense, it provide this evidence so Plaintiff could review same. Plaintiff also performed its own due diligence evaluation of the reasonably knowable affirmative defenses available to the Defendant.

18. Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing its own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiff has determined that Plaintiff may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

19. During this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii)

additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff.

## CLAIMS FOR RELIEF

### COUNT I
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

20. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

21. During the Preference Period, the Debtor made Transfers to or for the benefit of Defendant in an aggregate amount not less than the amount set forth on Exhibit A hereto.

22. Each Transfer was made from Debtor and constituted transfers of an interest in property of the Debtor.

23. Defendant was a creditor of the Debtor at the time of each Transfer by virtue of supplying goods and/or services to Debtor for which Debtor was obligated to pay in accordance with the Agreements. *See* Exhibit A.

24. Each transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by Debtor to Defendant. *See* Exhibit A.

25. Each transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant before being paid by the Debtor. *See* Exhibit A.

26. Each transfer was made when the Debtor was insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

5628294/1/20021.002

27. Each Transfer was made during the Preference Period, as set forth on Exhibit A.

28. As a result of each Transfer, Defendant received more than Defendant would have received if: (i) Debtor's bankruptcy case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtor's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Plan, the Confirmation Order, and the Disclosure Statement, the Debtor's liabilities exceed its assets such that Debtor's unsecured creditors will not receive a full payout of their claims from the Debtor's bankruptcy estate.

29. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

30. Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

31. To the extent one or more of the Transfers identified on Exhibit A was not made on account of an antecedent debt, or was a prepayment for goods and/or services never received, Plaintiff pleads in the alternative that Debtor did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

   a. Debtor was insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

   b. Debtor was engaged, or about to engage, in business or a transaction for which any property remaining with Debtor or for whose benefit the Transfer(s) was made was an unreasonably small capital; or

7

    c. Debtor intended to incur, or believed it would incur, debts beyond its ability to pay upon maturity.

32. Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

33. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations in this Count.

34. Plaintiff is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. § 547(b) and/or any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548 (collectively, the "Avoidable Transfers").

35. Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

36. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

## COUNT IV
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

37. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

38. Defendant is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

39. Defendant has not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

40.  Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtor's chapter 11 estate must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

41.  Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtor's chapter 11 estate previously allowed by Debtor must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant it the following relief against Defendant:

A. On Plaintiff's First, Second, and Third Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 547(b), 548, and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B. On Plaintiff's Fourth Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Plaintiff until Defendant returns the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

C. Such other and further relief as this Court may deem just and proper.

          Respectfully submitted,

          **OXFORD RESTRUCTURING ADVISORS LLC**, as Creditor Trustee for the HC Oldco, Inc. Creditor Trust

          By: /s/ Aaron L. Hammer
                    One of its Attorneys

Aaron L. Hammer, Esq. (6243069)
ahammer@hmblaw.com
John W. Guzzardo, Esq. (6283016)
jguzzardo@hmblaw.com
Nathan E. Delman, Esq. (6296205)
ndelman@hmblaw.com
**HORWOOD MARCUS & BERK CHARTERED**
500 W. Madison, Ste. 3700
Chicago, Illinois 60661
Telephone: 312.606.3200
Facsimile: 312.606.3232